IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HORTENCIA TODD, | § | |
| *Plaintiff,* | § | SA-19-CV-01168-FB |
| vs. | § | |
| LYFT, INC., MR. RYAN TERRY VANGORDEN, | § | |
| *Defendants.* | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Motion to Remand [#8]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#6]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Motion to Remand [#8] be **DENIED**.

## I. Background

This case was originally filed in the 131st Judicial District of Bexar County, Texas. (Orig. Pet. [#1] at 11–22.) Plaintiff's Original Petition arises out of a motor-vehicle collision occurring on April 20, 2019. Plaintiff was a passenger in a vehicle operated by Defendant Ryan Terry Vangorden, who Plaintiff alleges was driving in the course and scope of his employment with Defendant Lyft, Inc. at the time of the accident. According to Plaintiff's Petition, due to driver inattention and cell phone use, Vangorden ran over his ankle and the force of the impact caused Plaintiff bodily injury. Plaintiff alleges various theories of negligence against Defendants

1

and a claim of strict products liability. Vangorden removed Plaintiff's Petition to federal court on September 27, 2019 on the basis of diversity jurisdiction. At the time of removal, Lyft had not yet been served and did not contest removal. Plaintiff now moves for an order of remand, arguing that there is not complete diversity of citizenship among the parties.

## II. Analysis

The Court should deny Plaintiff's motion to remand. "Remand is required if at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (internal quotation and citation omitted). "Subject matter jurisdiction over a state claim in federal court under 28 U.S.C. § 1332(a) exists when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties." *Id.* For complete diversity to exist, no plaintiff can be a citizen of the same state as any defendant. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir. 1993). Diversity jurisdiction is tested at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). To decide federal removal jurisdiction based on a defendant's citizenship, a court is not limited to the allegations in the pleadings, but may also consider testimony, affidavits, and other extrinsic evidence. *See Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990). The burden is on Vangorden, as the removing party, to show that removal is proper. *Vantage Drilling Co.*, 741 F.3d at 537. Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Vangorden alleges in his notice of removal that Plaintiff is a citizen of Texas, and both Lyft, Inc. and Vangorden are California citizens. (Notice of Removal [#1] at ¶¶ 8–10.) Plaintiff disputes Vangorden's citizenship, arguing that Vangorden was a citizen of the State of Texas at

the time of removal because he lives in San Antonio and was served with process at his San Antonio apartment. Vangorden's response and the affidavit attached thereto establish that there is complete diversity among the parties and Plaintiff's motion to remand should be denied.

Vangorden argues that he erroneously alleged his California citizenship in the Notice of Removal filed in this case, when he is in fact a citizen of the State of Kentucky merely residing in California at the time of removal. (Def.'s Resp. [#9] at ¶ 8; Vangorden Aff. [#9] at ¶ 2.) Vangorden's undisputed affidavit establishes that he has lived half his life in Kentucky; holds a Kentucky driver's license; is registered to vote in Kentucky; and pays taxes in Kentucky. (*Id.* at ¶ 3.) Vangorden joined the Navy in 2012 while living in Kentucky and was subsequently ordered to attend training school for occupational therapy in San Antonio, Texas from December 31, 2018 to September 7, 2019, the time period in which this lawsuit was filed. (*Id.* at ¶ 4.) After completing his training in Texas, the Navy ordered Vangorden to Camp Pendleton, and he now resides in Oceanside, California, where he intends to stay for at least three years until his next military assignment. (*Id.*) Vangorden resided in California at the time of removal. (*Id.* at ¶ 2.) Vangorden attests that he does not intend to voluntarily reside in Texas in the future and plans to return to Kentucky after the completion of his military assignments. (*Id.* at ¶ 5.)

A person is considered a citizen of the state in which he is domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). "Residence alone is not the equivalent of citizenship . . . ." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *see also Preston*, 485 F.3d at 799. "A person acquires a 'domicile of origin' at birth, and this domicile is presumed to continue absent sufficient evidence of change." *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003). A person's domicile is determined by objective facts. *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985).

"A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely . . . or, as some courts articulate it, the absence of any intention to go elsewhere." *Coury v. Prot*, 85 F.3d 244, 250–51 (5th Cir. 1996) (internal citations omitted). "[M]ere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent." *Id.* Temporary residence during a military assignment does not manifest an intention to abandon the primary domicile. *Beers v. N. Am. Van Lines, Inc.*, 836 F.2d 910, 913 (5th Cir. 1988), *overruled on other grounds as stated in Hoskins v. Bekins Van Lines*, 343 F.3d 769, 774 (5th Cir. 2003) (concluding plaintiffs continued to be citizens of Mississippi for purposes of diversity jurisdiction despite military assignment and current residence in Maryland).

Applying these standards to the facts asserted in Vangorden's affidavit, the Court should find that Vangorden remains domiciled in the State of Kentucky, as there is no evidence before the Court that Vangorden both lived in Texas at the time of removal and intended to remain there. Nor is there any evidence of Vangorden's intent to remain indefinitely in California, his place of residence at the time of removal. *See Coury*, 85 F.3d at 250–51. Accordingly, Vangorden is not a citizen of Texas, and there was complete diversity of citizenship among the parties in this lawsuit at the time of removal. Thus, Plaintiff's motion to remand should be denied.

Vangorden asks the Court to allow him to file an amended notice of removal to clarify his citizenship. The Court should permit him to do so. *See D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146–47 (5th Cir. 1979) (missing allegation of citizenship in notice of removal is not fatal but may be cured by amendment).

### III. Conclusion and Recommendation

Having considered Plaintiff's motion, Defendant's response and affidavit, and the governing law, the undersigned recommends that Plaintiff's Motion to Remand [#8] be **DENIED** and Defendant Vangorden be ordered to file an amended notice of removal to clarify his citizenship.

### IV. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 2nd day of December, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE